IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

BRESHEA SHAMARI PENSON-
JOHNSON,

     **Plaintiff,**

v.                                **Case No. 1:24-cv-176-AW-MAF**

UF HEALTH SHANDS HOSPITAL,

     **Defendant.**

_____/

## <u>ORDER OF DISMISSAL</u>

Breshea Penson-Johnson, a UF Health Shands Hospital employee, sued UF Health alleging ADA violations. The issue is whether she did so timely.

Penson-Johnson first filed an administrative charge of discrimination with the EEOC. The EEOC invited UF Health to proceed to conciliation, but UF Health declined. ECF No. 10 at 5. Then, on July 9, 2024, the EEOC issued a Notice of Right-to-Sue through its online portal. The same day, it sent Penson-Johnson an email telling her a new document was available on the portal. Penson-Johnson opened the email and viewed the notice two days later. *Id.* at 5-6.

Penson-Johnson had "ninety days after the giving of such notice" to sue. 42 U.S.C. § 2000e-5(f)(1).[1] She filed her lawsuit on October 8. That was more than 90

_____

[1] This is a Title VII requirement, 42 U.S.C. § 2000e-5(f)(1), which the ADA incorporates, *id*. § 12117(a). *See Zillyette v. Capital One Fin. Corp.*, 179 F.3d 1337,

days after July 9 (when notice issued), but less than 90 days after July 11 (when Penson-Johnson read the notice). Neither side disputes any of this. The dispute is about when the clock should have started—when there was "the giving of such notice."

In moving to dismiss, UF Health argues the 90-day period started on July 9 and expired before Person-Johnson sued. ECF No. 10 at 2. Penson-Johnson argues the period did not begin until she viewed the notice. ECF No. 13 at 2. The magistrate judge issued a report and recommendation reaching a conclusion neither side argued—that the period started on July 8, when an EEOC representative told Penson-Johnson she would *recommend* dismissing the charge. ECF No. 14 at 14-15.

Penson-Johnson filed objections to the report and recommendation, ECF No. 15, and UF Health responded, ECF No. 16. Having considered the report and recommendation, and having considered de novo the issues raised in Penson-Johnson's objections, I conclude that the filing was untimely, and I dismiss on that basis.

Because UF Health contests timeliness, Penson-Johnson has the burden to show it. *See Kerr v. McDonald's Corp.*, 427 F.3d 947, 951 (11th Cir. 2005) (citing *Green v. Union Foundry Co.*, 281 F.3d 1229, 1234 (11th Cir. 2002)). A filing even

---

1339 (11th Cir. 1999) (noting that "under the ADA, plaintiffs must comply with the same procedural requirements to sue as exist under Title VII").

one day late warrants dismissal. *See Norris v. Fla. Dep't of Health & Rehab. Servs.*, 730 F.2d 682, 683 (11th Cir. 1984) (affirming dismissal of complaint filed 91 days after receipt of right-to-sue notice).

"The key word in the statute is 'notify'; the limitations period begins to run upon notification of the aggrieved party." *Zillyette v. Capital One Fin. Corp.*, 179 F.3d 1337, 1339 (11th Cir. 1999) (quoting *Franks v. Bowman Transp. Co.*, 495 F.2d 398, 404 (5th Cir. 1974) (cleaned up)). "Such notification takes place only when notice of the failure to obtain voluntary compliance has been sent and received." *Id.* (quoting *Franks*, 495 F.2d at 404). Here, there is no question the notice was "sent" on July 9 when the EEOC uploaded it and sent an email saying a new filing was on the portal. So the question is whether it was "received" at the same time.

When a notice is "received" depends on the circumstances of each case. If a plaintiff is not aware of a letter "through no fault of his or her own," the clock does not begin to run. *Zillyette*, 179 F.3d at 1341; *see also id.* at 1339 (noting "Congress did not intend to condition a claimant's right to sue under Title VII on fortuitous circumstances or events beyond his control which are not spelled out in the statute" (quoting *Franks*, 495 F.2d at 404)). On the other hand, plaintiffs bear some responsibility to pursue the resolution of their claims, so a plaintiff's failure to open or read a letter does not necessarily mean it was not received for these purposes. *See id.* at 1340; *Bell v. Eagle Motor Lines, Inc.*, 693 F.2d 1086, 1087 (11th Cir. 1982)

(holding ninety-day period began when plaintiff's wife received EEOC letter at their shared residence); *Kerr*, 427 F.3d at 953 (holding plaintiffs who failed to call and inquire about late or missing letters did not "assume the minimal responsibility" to pursue their claims). To balance these concerns of fair notice and a plaintiff's responsibility, courts assess the circumstances of receipt on a "case-by-case basis to fashion a fair and reasonable rule for the circumstances of each case." *Zillyette*, 179 F.3d at 1341.[2]

The circumstances of this case favor considering the email received when it was sent and available—not when opened or read. Treating Penson-Johnson's unopened email as received is consistent with the way the Eleventh Circuit treats receipt of physical mail. When a plaintiff does not retrieve a physical letter from her mailbox, receipt is presumed unless the plaintiff shows that she did not receive the letter for reasons "in no way her fault." *Kerr*, 427 F.3d at 952. There is no reason why email should be treated differently. Moreover, a rule that notice occurs only when a plaintiff chooses to check her mail (or email) would allow a plaintiff to

---

[2] When the EEOC mails the letter, the plaintiff is entitled to a three-day tolling period "analogous to the federal rule governing time for taking action after service by mail." *Zillyette*, 179 F.3d at 1341; *cf.* Fed. R. Civ. P. 6(d). But when delivery of the notice is by email, and thus essentially instantaneous, there is no such justification for a three-day grace period. *See Norris*, 730 F.2d at 683 (explaining "[t]he reason for the three additional days is to account for the time required for the delivery of the mail").

unilaterally extend her own filing deadline. *See Zillyette*, 179 F.3d at 1341 ("To hold otherwise would permit him simply to defer the retrieval of the letter and thus to manipulate the 90-day time limit."); *Bell*, 693 F.2d at 1087 ("There is no reason why a plaintiff should enjoy a manipulable open-ended time extension which could render the statutory limitation meaningless. Plaintiff should be required to assume some minimum responsibility himself for an orderly and expeditious resolution of his dispute." (quoting *Lewis v. Connors Steel Co.,* 673 F.2d 1240, 1242 (11th Cir. 1982))).

Additionally, counting the ninety days from the date of email notice aligns with the weight of authority from other Circuits. *See, e.g.*, *McDonald v. St. Louis Univ.*, 109 F.4th 1068, 1071 (8th Cir. 2024) ("In our view, McDonald received notice of her right to sue on May 10 when the EEOC first emailed her lawyer the link to her right-to-sue letter in the Public Portal."); *Lax v. Mayorkas*, 20 F.4th 1178, 1182 (7th Cir. 2021) ("We hold that Lax's filing window for purposes of [Title VII] commenced when he received the email, not when he opened the attachment."). Email notice is sufficient, so long as it informs the plaintiff that the right-to-sue letter is available. Here, because the EEOC gave Penson-Johnson notice on July 9 by posting her letter on the portal and emailing her about the new document, *see* ECF No. 10-5 at 1, her deadline to file was October 7. She missed that deadline, so her complaint is untimely.

Penson-Johnson does not expressly argue that the deadline should be equitably tolled, but she does say she did not receive the email at first because her phone service was disconnected. ECF No. 13 at ¶ 4. To the extent she argues that her disconnected phone should toll the deadline, that argument fails. Equitable tolling is only appropriate in extraordinary circumstances that are beyond the plaintiff's control and "unavoidable even with diligence." *Stamper v. Duval Cnty. Sch. Bd.*, 863 F.3d 1336, 1342 (11th Cir. 2017) (quoting *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999)). A rule that tolled the deadline until the plaintiff reconnected her phone would create the scenario that *Zillyette* rejected—a deadline the plaintiff could defer and manipulate. *See* 179 F.3d at 1341. In any case, Penson-Johnson has not shown that the disconnected phone was an extraordinary circumstance beyond her control, such that equitable tolling would be appropriate. *Stamper*, 863 F.3d at 1342. Even after the phone was reconnected, she still had eighty-eight days until the deadline. Had she filed during that time, the notice issue would have been moot.

\* \* \*

The motion to dismiss (ECF No. 10) is GRANTED. The report and recommendation (ECF No. 14) is APPROVED to the extent consistent with this order. The clerk will enter a judgment that says, "This case is dismissed as time barred." The clerk will then close the file.

SO ORDERED on May 28, 2025.

s/ *Allen Winsor*
United States District Judge